UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN BELSER,

              Plaintiff,

v.

SARAH ALTON, ET AL.,

              Defendants.

_____/

Case No.  14-13848

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
PATRICIA T. MORRIS

**ORDER ADOPTING REPORT AND RECOMMENDATION [38] AND GRANTING DEFENDANTS' MOTION TO DISMISS [29], DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION [19, 33] AND FOR APPOINTMENT OF COUNSEL [18, 34], DENYING AS MOOT DEFENDANT'S MOTION TO COMPEL [37] AND DISMISSING PLAINTIFF'S CLAIMS AGAINST REMAINING DEFENDANTS**

On March 9, 2015, the Magistrate Judge issued a Report and Recommendation

("R&R") [38] recommending that the Court grant Defendants' Motion to Dismiss [29],

deny Plaintiff's Motions for Preliminary Injunction [19, 33] and for Appointment of

Counsel [18, 34], deny as moot Defendant's Motion to Compel [37] and dismiss

Plaintiff's claims against the remaining Defendants.  Plaintiff filed an Objection [39]

on March 30, 2015.

For the reasons stated below, the Court **ADOPTS** the R&R [38].  Defendants'

Motion to Dismiss [29] is **GRANTED**; Plaintiff's Motions for Preliminary Injunction

[19, 33] and for Appointment of Counsel [18, 34] are **DENIED**; Defendant's Motion to Compel [37] ] is **DENIED AS MOOT**, Plaintiff's claims against the remaining Defendants are **DISMISSED**; and Plaintiff's Objection [39] is **OVERRULED**.

## STATEMENT OF FACTS

The Court adopts the explanation of facts as set out in the R&R [38]. They read as follows:

Plaintiff is a *pro se* prisoner currently incarcerated at Marquette Brach Prison in Marquette, Michigan. The events that gave rise to the allegations in the Complaint occurred while Plaintiff was incarcerated at the Saginaw Correctional Facility ("SRF"), in Saginaw, Michigan, and the Chippewa Correctional Facility ("URF") in Kincheloe, Michigan.

Plaintiff's complaint does not organize his claims, but they fall into two basic categories: (1) Defendants' failure to provide an air mattress, velcro shoes, and physical therapy, as stated in grievance SRF-2012-10-1890-12I, including medical malpractice and negligence, and (2) defendants' threats that if Plaintiff did not sign off on the above grievance, he would be "sent up north" to a prison in Michigan's upper peninsula, and these threats materialized when Plaintiff was transferred to the northern prison.

Plaintiff seeks to "[h]ave all of [his] medical special accommodations returned, [and to see] . . . a medical assistant." (Doc. 1 at ID 5.) Plaintiff also seeks the maximum "amount allowed by the courts, court costs and attorneys fees and filing fees." (Doc. 1 at ID 8.)

On December 22, 2104, 2014, [sic.] Defendants Sarah Alton, Susan McCauley, Melissa LaPlaunt, William Borgerding, Melissa Grabowski, O'Bell Thomas Winn, Donald Ricumstrict, James Zummer, and Todd McLean moved to dismiss or for summary judgment. (Doc. 29.) Plaintiff responded on February 23, 2015. (Doc. 36.) Plaintiff also filed two motions for appointment of counsel (Docs. 18, 34) and two motions for preliminary injunction and/or protective order. (Docs. 19, 33.)

In the motion to dismiss or for summary judgment, defendants contend that Plaintiff's complaint should be dismissed because Plaintiff failed to exhaust administrative remedies, failed to state a claim upon which relief can be granted, failed to allege the personal involvement of several defendants, and because state officials sued in their official capacity are entitled to Eleventh Amendment immunity. Based on my recommendation that summary judgment should be granted on the merits of the claims, I do not reach defendants' arguments regarding personal involvement or Eleventh Amendment immunity.

3

Also, the analysis below applies to the claims against non-moving defendants Josh Buskirk and Michael Brostoski. Consequently, I recommend dismissing the claims against them.

## LEGAL STANDARD

The Court reviews objections to an R&R on a dispositive issue *de novo.* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). Rule 12(b)(6) tests the legal sufficiency of a complaint. To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

## ANALYSIS

The R&R [38] recommends the Court grant Defendants' Motion to Dismiss [29] because Plaintiff has not properly exhausted his administrative remedies. Specifically,

4

five of the six grievances he filed were still pending when he filed this action. The R&R [38] goes on to state that even if Plaintiff's claims were not procedurally barred they would fail on the merits. The R&R [38] further recommends the Court conclude that Plaintiff's sixth grievance—which he properly exhausted—fails on its merits.

Plaintiff's Objection [39] recites the precedent from *Jones v. Bock*, 549 U.S. 199 (2007) and seems to agree with the R&R's [38] recommendation that the Court should dismiss his non-exhausted claims.

The remainder of Plaintiff's Objection [39] is not responsive to the R&R's [38] analysis.  For the foregoing reasons and the reasons contained in the R&R [38] the Court **HEREBY ADOPTS** the R&R [38]. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [29] is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Preliminary Injunction [19, 33] are **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motions  for Appointment of Counsel [18, 34] are **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel [37] is **DENIED AS MOOT**,

**IT IS FURTHER ORDERED** that Plaintiff's claims against the remaining Defendants are **DISMISSED**;

      **IT IS FURTHER ORDERED** that Plaintiff's Objection [39] is **OVERRULED**.

      **THIS CASE IS CLOSED.**

      **SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 23, 2015